UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CANDY S. LAY, | : | Case No. 3:20-CV-21 |
| | : | |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| v. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

**I.     INTRODUCTION**

This case is before the Court for a second time. Plaintiff Candy S. Lay brings this case challenging the Social Security Administration's most recent denial of her applications for disability benefits. In October 2014, Plaintiff filed an application for Disability Insurance Benefits, Widow's Insurance Benefits, and for a period of disability benefits. The claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Mark Hockensmith concluded she was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review, and she filed an action before this Court. Upon review, this Court vacated the non-disability decision and remanded the case for further administrative proceedings.

On remand, a second hearing was held before the ALJ. After the second hearing, ALJ Matthias Onderak concluded that Plaintiff was not under a "disability" as defined in the Social Security Act. Plaintiff then filed the present action. She seeks a remand for benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the ALJ's non-disability decision.

This case is before the Court upon Plaintiff's Statement of Errors (Doc. No. 8), the Commissioner's Memorandum in Opposition (Doc. No. 11), Plaintiff's Reply (Doc. No. 12), and the administrative record (Doc. No. 7).

## II.   BACKGROUND

Plaintiff asserts that she has been under a disability since September 7, 2012. At that time, she was fifty-one years old. Accordingly, she was considered a person "closely approaching advanced age" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(d). She has a high school education.

The evidence of record is sufficiently summarized in the ALJ's decision, (Doc. No. 7-9, PageID 862-77), Plaintiff's Statement of Errors (Doc. No. 8), the Commissioner's Memorandum in Opposition (Doc. No. 11), and Plaintiff's Reply (Doc. No. 12). Rather than repeat these summaries, the Court will focus on the pertinent evidence in the discussion below.

## III.  STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and Widow's Insurance Benefits to individuals who are under a "disability," among other

eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a); *see* 42. U.S.C. §§ 402(e), 402(e)(B)(ii). The term "disability"—as the Social Security Act defines it—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241(citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV. THE ALJ'S DECISION

As noted previously, the Administrative Law Judge was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the Administrative Law Judge considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since the alleged onset date, September 7, 2012.

Step 2: She has the severe impairments of degenerative joint disease right shoulder; mild and minimal degenerative disc disease; anemia; obesity; and insomnia.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … subject to the following additional limitations: (1) lifting and/or carrying 20 pounds

4

        occasionally and 10 pounds frequently w [*sic*] the left arm and using the right arm as a helper; (2) lifting and/or carrying 5 pounds with the right arm; (3) standing and/or walking a total of 6 hours in an 8 hour workday; (4) sitting a total of 6 hours in an 8 hour workday; (5) no climbing of ladders, ropes, or scaffolding; (6) frequent climbing of ramps and stairs; (7) frequent stooping, kneeling, and crouching; (8) no crawling; (9) occasional overhead reaching with the right upper extremity; (10) frequent handling and fingering bilaterally; (11) no work at unprotected heights or with dangerous machinery; (12) limited to simple, routine tasks; (13) in a static work environment with few changes in routine; and (14) no fast paced work or strict production quotas."

Step 4:    She is unable to perform past relevant work.

Step 5:    Plaintiff could perform a significant number of jobs that exist in the national economy.

(Doc. No. 7-9 at PageID 865-77). Based on these findings, the Administrative Law Judge concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 877.

## V.   DISCUSSION

Plaintiff argues that error was committed in weighing the treating source opinion from her primary care physician, Dr. Harry Fronista. Her primary assertions focus on the ALJ's failure to comply with this Court's previous order on remand.

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers*, 486 F.3d at 242. The rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory

diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted)); *see Wilson*, 378 F.3d at 544. "The purpose of the good reasons rule is twofold: first, 'to let claimants understand the disposition of their cases'; and second, to 'ensure[ ] that the ALJ applies the treating physician rule and permit[ ] meaningful review of the ALJ's application of the rule.'" *Hargett*, 964 F.3d at 552 (citations omitted; brackets in *Hargett*).

In the case previously before the Court, this Court determined that several errors were committed in weighing Dr. Fronista's treating source opinion. One error being "an error of law in the ALJ's finding that Dr. Fronista's opinion is not 'fully supported by the record,'" as such a finding indicated that Dr. Fronista's opinion was reviewed under "a higher legal standard than the standard mandated by Social Security regulations." *Lay v.*

*Comm'r of Soc. Sec.*, Case No. 3:17-CV-223, 2018 WL 2990186, at *4 (S.D. Ohio June 14, 2018) (Newman, M.J.).[1] Another error identified by this Court pertained to when Dr. Fronista's opinion was rendered. As to this matter, this Court observed that:

> In declining to assign controlling or deferential weight to Dr. Fronista's opinion, the ALJ notes that his opinion was written approximately one year after Plaintiff's date last insured ("DLI"). PageID 74. However, Dr. Fronista specifically addressed that Plaintiff had been unable to work due to a combination of mental and physical impairments since 2008, i.e., long before Plaintiff's September 7, 2012 DLI. PageID 412-13. Accordingly, this reason—for declining to assign controlling or deferential weight to Dr. Fronista's opinion—is error.

*Lay*, 2018 WL 2990186, at *3 n.4.

Plaintiff takes aim at these issues as they relate to the non-disability decision presently subject to review. As to the former, she specifically alleges that this error was not corrected on remand because the ALJ "still failed to apply the correct legal standard by requiring Dr. Fronista's opinions to be convincingly supported by 'a totality of the evidence of record.'" (Doc. No. 8, PageID 1513). This argument is unpersuasive because an ALJ "is tasked with interpreting medical opinions in light of the totality of the evidence." *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 564 (6th Cir. 2014) (citing 20 C.F.R. § 416.927(b)); *Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005)). Moreover, the phrase "convincingly supported" does not equate to "fully supported," which was previously found to be error by this Court. Rather, "convincingly supported" complies

---

[1] *See* Doc. No. 7-10, PageID 985-992.

with Social Security regulations, ultimately remedying this error on remand.

As to the latter issue, Plaintiff alleges that the ALJ "again erroneously discounted Dr. Fronista's opinion because it was generated after the [date last insured]." (Doc. No. 8, PageID 1513). This alleged error is not addressed by the Commissioner.

It is not error to merely recognize that an opinion is rendered after the date last insured, and it is often an appropriate consideration when the opinion does not relate to the relevant period. However, a treating source opinion rendered after the date last insured should be considered to the extent that the opinion reflects the claimant's limitations during the relevant period. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 850 (6th Cir. 2020).

Here, the fact that Dr. Fronista's opinion was rendered after the date last insured was pointedly recognized. This itself is not error. However, the failure to properly consider Dr. Fronista's opinions to the extent that they related to the relevant period was in error. For instance, Dr. Fronista opined that Plaintiff's ability to lift and carry would be affected by her impairments. He indicated that she could lift and carry no more than 2 pounds occasionally and frequently. (Doc. No. 7-6, PageID 388). In support of this assessment, he provided that Plaintiff "had torn her tendons [in her] right shoulder," which directly relates to her severe impairment affecting that extremity. *Id.* Despite relating to the relevant period, this opinion was not recognized or considered.

Likewise, Dr. Fronista determined that Plaintiff's ability to push and pull would be affected by her impairments. *Id.* at 390. This was also not recognized despite the fact that it related to the relevant period and that state agency reviewing physicians, Drs. Leon D.

8

Hughes and Leigh Thomas, similarly found Plaintiff to be limited in this area. Particularly, Drs. Hughes and Thomas both determined Plaintiff's ability to push and/or pull would be "limited in upper extremities," and that she could "lift/carry or push/pull 5lbs with right arm acting alone." (Doc. No. 7-3, PageID 128, 159).

The remainder of the decision does not escape additional error. The Commissioner contends that "despite finding legal error in the ALJ's analysis of [Dr. Fronista's] opinion" in the previous decision, this Court "implicitly acknowledged that with the application of the correct standard, substantial evidence could support a finding of no disability." (Doc. No. 11, PageID 1526). This argument seems to suggest that the remainder of the weighing of Dr. Fronista's opinion should not be subject to review, and that the present review should be limited only to the errors designated on remand. The undersigned disagrees. In reviewing the decision beyond such errors, this Court finds that substantial evidence does not support other aspects of the weighing of Dr. Fronista's opinion.

In declining to afford Dr. Fronista's opinions controlling or deferential weight, the ALJ determined that his opinions were "inconsistent with the medical evidence of record." (Doc. No. 7-9, PageID 875). For instance, he specifically found that "a lack of mental health treatment records fail[ed] to show an inability to be prompt in attendance or withstand the pressure of normal work." *Id.* However, this conclusion seems contradictory to the discussion in the subsequent paragraph as to the opinion of consultative examiner, Dr. Alan R. Boerger. In response to the prompt, "[d]escribe the claimant's abilities and limitations in responding appropriately to work pressures in a work setting," Dr. Boerger

9

indicated that "[Plaintiff's] ability to handle stress and depression in work situations was likely to be reduced because of her anxiety and depression, which caused low frustration tolerance." (Doc. No. 7-7, PageID 519). This opinion was explicitly referenced in weighing Dr. Boerger's opinions. (Doc. No. 7-9, PageID 875). And in fact, after this reference, the ALJ determined that Dr. Boerger's opinions were entitled to "great weight" as they were "consistent with objective findings upon examination." *Id.*

Additionally, factors that tend to fall in Dr. Fronista's favor were overlooked or ignored. There was no recognition or consideration of the longstanding treatment relationship between Plaintiff and Dr. Fronista. *See* 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"). Dr. Fronista had treated Plaintiff since 1985, which means that he had treated Plaintiff for 30 years when he rendered his medical opinion in 2016. (Doc. No. 7-6, PageID 386). Likewise, there was no consideration of the frequency, nature or extent of his treatment. It is even difficult to determine if the factors of supportability and consistency were independently considered, or solely considered in assessing whether Dr. Fronista's opinions should be afforded controlling weight. This was in error because even where a treating source opinion is not controlling, the treating source opinion is nevertheless "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527..." Soc. Sec. R. 96-2p, 1996 SSR LEXIS 9, 1996 WL 374188, at *8.

Accordingly, Plaintiff's Statement of Errors is well-taken.

## VI. REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). A remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the

Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits and Widow's Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. The ALJ's non-disability decision is **VACATED**;

2. No finding is made as to whether Plaintiff Candy S. Lay was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this decision; and

2. The case be terminated on the docket of this Court.


April 22, 2021                                   *s/Sharon L. Ovington*
                                                                 Sharon L. Ovington
                                                                 United States Magistrate Judge